IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL RAY GOLENBERKE, | ) | CASE NO. 1:14 CV 2240 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| CAROLYN W. COLVIN, | ) | |
| | ) | **MEMORANDUM OPINION &** |
| Defendant. | ) | **ORDER** |

Before me[1] in this matter seeking judicial review of a decision of the Commissioner of Social Security denying disability insurance benefits to Daniel Ray Golenberke[2] is Golenberke's motion for attorney fees under the Equal Access to Justice Act.[3] The Commissioner has opposed the motion,[4] and Golenberke has replied to that opposition.[5]

Following briefing by both sides[6] and an oral argument,[7] on January 13, 2016, I issued a Memorandum Opinion and Order finding that the reasons given by the ALJ for

---

[1] The parties have consented to my exercise of jurisdiction. ECF # 10.

[2] ECF # 1.

[3] ECF # 31.

[4] ECF # 34.

[5] ECF # 35.

[6] ECF # # 12, 13 (Golenberke's brief and fact sheet); ECF # # 23, 24 (Commissioner's brief and charts).

[7] ECF # 28.

downgrading the weight given to the functional capacity opinion of Dr. Jerome Yokiel - Golenberke's treating physician - were not good reasons,[8] and that the matter must be remanded.[9] In so doing, I noted that because the remand was grounded solely on the improper evaluation of Dr. Yokiel's opinion, additional issues raised by Golenberke were not addressed here, but should be adjudicated on remand.[10]

As the parties have recognized, Golenberke's entitlement to attorney fees depends on whether the errors identified as the basis for remand were merely errors of articulation[11] as the Commissioner asserts, or whether the identified errors reflected the fact that the agency failed to follow its own rules,[12] failed to even discuss the relevant portions of the treating physician's opinion,[13] or offered reasons "plainly contrary to law."[14] As Judge Gwin observed, the difference between an error or articulation which does not justify the award of

---

[8] ECF # 28 at 15-18.

[9] *Id.* at 18.

[10] *Id.*

[11] *See, DeLong v. Comm'r of Social Security*, 748 F.3d 723, 727 (6th Cir. 2014).

[12] *Green v. Comm'r of Social Security*, 2015 WL 7259789, at * 2 (N.D. Ohio Nov. 17, 2015)(Burke, MJ).

[13] *Escobar v. Colvin,* 2015 WL 4041845, at *4 (N.D. Ohio July 1, 2015)(Vechairelli, MJ); *Irizarry v. Colvin,* 2015 WL 3755978, at *4 (N.D. Ohio June 16, 2015)(Vecchiarelli, MJ).

[14] *Glenn v. Comm'r of Social Security*, 763 F.3d 494, 499 (6th Cir. 2014).

fees and a substantive error, which does, often is the answer to the inquiry of whether the error "was caused by insufficient explanation rather than absence of explanation."[15]

The government has the burden of showing that its position was substantially justified or that special circumstances make the award of fees unjust.[16]

Here, the errors cited in the ALJ's opinion that warranted remand were:

(1) the use of a legally irrelevant reason for discounting the treating source's opinion;[17]

(2) citation to outdated and largely irrelevant notes about Golenberke's "gait" without discussing in any way Dr. Yokiel's treatment notes, range of motions tests, EMG/NCS studies and multiple MRIs that provided medical, clinical and diagnostic support for the functional opinion;[18] and

(3) improperly relying on Golenberke's ability to perform a few daily activities as proof that he was capable of doing the activities required of regular employment - a "simplistic" analysis specifically rejected by the Sixth Circuit.[19]

---

[15] *Lupton v. Colvin*, 2016 WL 3475021, at * 3 (N.D. Ohio June 27, 2016)(Gwin, J.).

[16] *Brannon v. Colvin*, 2016 WL 3460222, at *3 (N.D. Ohio June 24, 2016)(citations omitted).

[17] ECF # 29 at 15-16.

[18] *Id*. at 16-17.

[19] *Id*. at 17-18 (citing *Rogers v. Comm'r of Social Security*, 486 F.3d 234, 248-49 (6th Cir. 2007)).

Here, the identified errors in this matter are not mere errors of articulation characterized by insufficient explanation for a specific finding that might otherwise find support in the record as a whole.[20]  Rather, the errors are substantive in that they involve a failure to address in any way  large portions of the relevant clinical and diagnostic record supportive of the treating source opinion, reflect the use of an improper legal test for evaluating the opinion of a treating source and the use of a form of "simplistic" reasoning explicitly rejected by the Sixth Circuit.

Accordingly, I find that Golenberke is entitled to an award of attorney fees in this matter. In that regard, because the Commissioner did not directly address the specific amounts claimed by Golenberke in her response to the motion for fees, choosing instead to exclusively focus on the issue of whether Golenberke is entitled to fees at all in this case, I order the Commissioner to file a supplemental brief in this matter by August 15, 2016, or meet and confer with Golenberke by that date, so as to deal with the particular fee amounts claimed by Golenberke.

IT IS SO ORDERED.

Dated: July 28, 2016                                     s/ William H. Baughman, Jr.
                                                         United States Magistrate Judge

---

[20] *Irizarry,* 2015 WL 3755978, at * 4.